**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theresa Garner,<br><br>        Plaintiff,<br><br>v.<br><br>City of Buckeye, et al.,<br><br>        Defendants. | No. CV-19-01453-PHX-DWL<br><br>**ORDER** |

On April 12, 2019, Plaintiff's counsel filed an application to withdraw as counsel without client's consent, explaining that there had been "a complete breakdown in the attorney client relationship" and that he did not have Plaintiff's current address or telephone number but did have her email address. (Doc. 15 at 1.) Plaintiff's counsel further certified that on April 2, 2019, he emailed Plaintiff to notify her of the status of the case and his intention to withdraw, and that on April 12, 2019, he emailed her the motion to withdraw. (*Id.* at 2.)

On April 15, 2019, the Court granted Plaintiff's counsel's motion to withdraw and ordered the Clerk of Court to email the order to Plaintiff at the email address provided by her counsel, as well as mail it to her most recent known address. (Doc. 17 at 1.) The Court further ordered that "Plaintiff must either retain new counsel or, if she plans to proceed unrepresented, file a Notice with the Court confirming or updating her address and telephone number by May 7, 2019" and that if Plaintiff failed to take either of those steps, the Clerk of Court should dismiss the action without prejudice. (*Id.* at 1-2.) On

April 26, 2019, the mail sent by post was returned as undeliverable. (Doc. 18.) Plaintiff neither retained new counsel nor filed a notice updating her contact information by May 7, 2019. On May 23, 2019, the Clerk of Court terminated the case. (Doc. 19.)

Over seven months later, on December 30, 2019, Plaintiff filed a "Notice and Motion to Reinstate Dismissed Case and Transfer § 1404 & § 1406" (Doc. 21), which is currently pending. Plaintiff claims that the harm she alleged in her previous complaint has continued, but she fails to cite any rule or law that would support reinstating her case. Fed. R. Civ. P. 60(b). Moreover, she does not explain why she failed to follow the Court's April 15, 2019 order requiring her to either retain new counsel or file a notice updating her contact information by May 7, 2019, nor does she explain her seven-month delay in seeking relief from the dismissal. *Granillo v. Corr. Corp. of Am.*, 2010 WL 4054132, *1 (D. Ariz. 2010) ("The Court finds no basis to reconsider its decision."); *Reyes v. City of Phoenix*, 2018 WL 4377161, *4 (D. Ariz. 2018) ("The issue here is not the adequacy of Plaintiff's pleadings; the issue is her failure to respond and participate in the required procedural steps to prosecute her case. Contrary to the arguments made by Plaintiff, there is a long line of case law holding *pro se* litigants to the same standards as represented parties in complying with court rules and orders."); *cf.*, *J & J Sports Prods., Inc. v. Looney*, 2011 WL 6306660, *1 (N.D. Cal. 2011) (reinstating case where excusable neglect standard was met). The motion will be denied.

This case has been terminated. The dismissal was without prejudice, so Plaintiff may bring a new lawsuit if she wishes to reassert claims raised in her complaint, subject to any applicable statutes of limitations.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to reinstate this action (Doc. 21) is denied.

Dated this 6th day of January, 2020.

Dominic W. Lanza
United States District Judge